**James RIFFIN, Petitioner**

v.

**SURFACE TRANSPORTATION BOARD and United States of America, Respondents**

**Board of County Commissioners of Allegany County, Maryland and CSX Transportation, Inc., Intervenors.**

No. 08–1208.

United States Court of Appeals, District of Columbia Circuit.

Jan. 22, 2010.

James Riffin, Timonium, MD, pro se.

Deborah Ann Garza, U.S. John P. Fonte, Robert B. Nicholson, Department of Justice, Ellen D. Hanson, Craig Mitchell Keats, Erik Gerrard Light, Surface Transportation Board, Office of General Counsel, Allison Ishihara Fultz, Esquire, W. Eric Pilsk, Charles Alan Spitulnik, Kaplan Kirsch & Rockwell LLP, Washington, DC, Louis E. Gitomer, Law Offices of Louis E. Gitomer, Towson, MD, for Intervenors.

Before: GINSBURG, HENDERSON and GARLAND, Circuit Judges.

## JUDGMENT

PER CURIAM.

This petition for review of an order of the Surface Transportation Board was considered on the briefs and the appendix filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the petition for review be denied.

Riffin challenges the Board's denial of his motion to compel a railroad abandoning a certain stretch of track to issue a deed to him personally although the railroad had already issued the deed to WMS, LLC, a Maryland limited liability corporation he controlled. Any differences between the deed and what is called for by the purchase and sale agreement, which indicated the railroad was to be transferred to WMS, Inc., a West Virginia limited liability corporation, are irrelevant to our analysis because the STB has only a limited role in facilitating the transaction.

As the Board explained in the order under review, if an offeror and an offeree railroad have agreed upon the terms of a transaction in an abandonment proceeding, as they did here, then the Board's role is only to determine the financial responsibility of the offeror. *See* 49 U.S.C. § 10904(d)(2)(A) (abandonment proceed-

ings postponed until "the carrier and a financially responsible person have reached agreement on a transaction for subsidy or sale of the line"); 49 C.F.R. § 1152.27(f)(2) ("[i]f the carrier and a person offering to purchase a line enter into a purchase agreement which will result in continued rail service, the Board will approve the transaction and dismiss the application for abandonment"); *cf.* 49 U.S.C. § 10904(f)(1)(B) (permitting the STB to set terms for the transaction if the parties cannot agree); 49 C.F.R. § 1152.27(h)(6) (same). That the Board did.

Therefore, the Board's involvement in this transaction ended before the railroad issued the deed to WMS, LLC. regardless whether the railroad later fulfilled its contractual obligation to the offeror. Riffin cites no relevant authority for the proposition that the STB may compel an abandoning railroad to issue a new deed or otherwise resolve a contract dispute between the railroad and the acquiring offeror.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.